IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

FILED ___ LODGED
___ RECEIVED ___ COPY
FEB 13 2017
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

| | |
|---|---|
| HOLLY WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>and<br><br>US AIRWAYS, INCORPORATED D/B/A AMERICAN AIRLINES, INCORPORATED, as Plan Administrator for the US AIRWAYS, INC. GROUP LIFE AND DISABILITY PLAN,<br><br>    Defendants. | Civil Action No.<br><br>CV-17-00453-PHX-DGC |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Holly Warren, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay group life insurance benefits due under an ERISA employee benefit plan, and for Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

1

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the District of Arizona pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Holly Warren, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Hawai'i County, Hawaii.

5. Defendant Metropolitan Life Insurance Company (hereinafter "MetLife"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process at CT Corporation System, 3800 N Central Ave., Suite 460, Phoenix, AZ 85012.

6. Defendant MetLife is the party obligated to pay benefits and to determine eligibility for benefits under Group Life and Disability Plan No. 516, originally issued by The Prudential Insurance Company of America ("Prudential") to US Airways, Inc.

7. MetLife took over coverage for US Airways' Group Life and Disability Plan on January 1, 2014, and employees covered under the original Prudential plan were grandfathered.

8. Plaintiff alleges upon information and belief that Defendant US Airways, Inc. (hereinafter "US Airways" or "Plan Administrator") is the Plan Administrator for the US Airways, Inc. Group Life and Disability Plan (the "Plan"). The Plan is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA. US Airways may be served with process at, CT Corporation System, 3800 N Central Ave., Suite 460, Phoenix, AZ 85012.

## FACTS

9. Plaintiff's sister, Janet Kathleen Rauvola ("Ms. Rauvola"), was employed by US Airways.

10. By virtue of her employment, Ms. Rauvola was enrolled in the Plan, which provides, among other benefits, life insurance coverage.

11. The Plan provided for, and upon information and believe Ms. Rauvola elected to be covered by two life insurance policies.

12. Upon information and belief, the combined death benefit provided by these two policies was $155,000.

13. Plaintiff was the sole beneficiary of Ms. Rauvola's life insurance benefits under the Plan, and is therefore a beneficiary of the Plan.

14. Benefits under the Plan are insured by MetLife.

15. Upon information and belief, Ms. Rauvola ceased work due to disability on or about November 1, 2008, while covered under the Plan.

16. Ms. Rauvola died on June 8, 2015.

17. On June 8, 2015, Plaintiff notified the Plan Administrator of Ms. Rauvola's death.

18. On August 18, 2015, MetLife informed Plaintiff by telephone that she was the beneficiary of two life insurance policies with a total face value of $155,000.00.

19. On August 25, 2015, Plaintiff received a check from MetLife in the amount of $82,192.19; MetLife represented that $81,500 of the amount represented the face value of the policies and $692.19 represented interest.

20. Upon inquiry, on September 4, 2015, Plaintiff was told by MetLife via telephone that US Airways had changed the value of the policies when MetLife took over coverage on January 1, 2014 and that $82,192,19 represented the full amount to which she was entitled.

21. On September 4, 2015, Plaintiff requested copies of the life insurance policies from the Plan Administrator via telephone to investigate whether MetLife's claims were accurate.

22. On September 8, 2015, the Plan Administrator told Plaintiff by telephone that the value of both policies had been reduced due to Ms. Rauvola being on disability before her death.

23. On September 8, 2015, Plaintiff requested by telephone copies of the Plan and policies from the Plan Administrator as well as an explanation of how and why the policies were reduced.

24. On September 8, 2015, Plaintiff requested by telephone copies of the Plan and policies from MetLife, but was told she would have to contact American Airlines.

25. On October 7, 2015, Plaintiff again requested copies of the Plan and the policies from the Plan Administrator by telephone.

26. By separate letters dated November 4, 2015, Plaintiff requested copies of "all insurance plans and all insurance policies" covering Ms. Rauvola from Defendants MetLife and the Plan Administrator.

27. By letter dated November 13, 2015, MetLife responded that it had completed its liability under the policies by making payment to Plaintiff on August 26, 2015, for Basic Life in the amount of $46,500 and Optional Life coverage in the amount of $35,000.

28. The November 13, 2015 letter failed to explain the calculation, provide the applicable Plan provisions, or provide substantiating documentation, as required by 29 C.F.R. §

4

2560.503-1(g)(i and ii) but instead directed Plaintiff to contact the Plan Administrator for copies of the plans and policies.

29. The November 13, 2015 letter failed to provide any information regarding appealing the decision, if Plaintiff disagreed with the determination, as required by 29 C.F.R. § 2560.503-1(g)(iv).

30. Accordingly, Defendant has failed to provide reasonable claims procedures that would yield a decision on the merits of the claim.

31. By letter dated February 4, 2016, Plaintiff, through counsel, again requested in writing copies of the Plan and polices from Defendants MetLife and the Plan Administrator and explicitly referenced Defendants' duty to do so under ERISA.

32. On April 5, 2016, 154 days after Plaintiff's first written request, the Plan Administrator provided only Summary Plan Descriptions ("SPD" or "SPDs") for the life insurance benefits for several years.

33. The April 5, 2016 letter did not provide an explanation of which of the provided SPDs controlled the amount of life insurance benefits owed to Plaintiff and did not state whether the amount provided by MetLife was correct.

34. By letter dated June 21, 2016, Plaintiff, through her current counsel, again requested copies of the Plan and polices from Defendants again referencing the duties under ERISA.

35. By letter dated July 8, 2016, 248 days after Plaintiff's first written request for the Plan documents, the Plan Administrator wrote to Plaintiff's previous counsel, despite having been informed of the change in representation by the current counsel, that it would again provide the Summary Plan Descriptions, but made no mention of the Plan or the underlying policies.

36. By letter dated August 19, 2016, Plaintiff's counsel again requested copies of the Plan and policies from Defendants while referencing the duties under ERISA.

37. To date, Defendants still have note provided copies of the Plan or policies to Plaintiff.

38. Due to Defendant's failure to establish and follow reasonable claims procedures, Plaintiff is entitled to *de novo* review of Defendant's decision of her claim.

39. Plaintiff has either exhausted her administrative remedies under the Plan, or is deemed to have exhausted her administrative remedies, pursuant to 29 C.F.R. § 2560.503-1(l), due to Defendant's failure to establish and follow a reasonable claim procedure that would yield a decision on the merits of the claim.

**FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

40. Under the terms of the Plan and policy, Defendants agreed to provide Ms. Rauvola's beneficiary, the Plaintiff, with life insurance benefits upon Ms. Rauvola's death.

41. There are two life insurance policies provided by the plan with a total face value of $155,000.

42. MetLife originally agreed this amount was owed, but later changed this amount without providing a proper explanation.

43. Defendants only paid out $82,192.19 (face value of $81,500 plus $692.19 in interest) to the Plaintiff.

44. Upon information and belief, MetLife failed to provide all benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

6

45.     Upon information and belief, the failure to pay all benefits was both wrong and arbitrary and capricious under the terms of the Plan.

46.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

47.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

48.     The entity which made the decisions to deny benefits would pay any benefits due out of its own funds.

49.     The entity which made the decisions to deny benefits owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

50.     The entity which made the decisions to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

51.     The entity which made the decisions to deny benefits allowed its concern over its own funds to influence its decision-making.

52.     The entity which made the decisions to deny benefits breached its fiduciary duties of Plaintiff, including the duty of loyalty.

## SECOND CAUSE OF ACTION
## PENALTY FOR FAILURE TO PROVIDE PLAN DOCUMENTS
## PURSUANT TO 29 U.S.C. § 1132(c), ERISA § 502(c)
## AGAINST US AIRWAYS, INC. AS PLAN ADMINISTRATOR

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

53. Despite four individual written requests, Defendant Plan Administrator refused to provide the requested documents, in violation of ERISA.

54. After failing to receive a response to her own written request, Plaintiff was forced to seek counsel to assister her.

55. In all three letters sent by her counsel, the requests included citations to ERISA § 502(c), 29 USC § 1132(c), specifically informing the Plan Administrator that this statute requires production of documents and allows for a penalty of up to $110.00 per day for failure to comply with a request for documents

56. As ERISA fiduciaries, the Plan Administrator was responsible for providing timely, accurate and complete information and documents to Plaintiff.

57. The Plan Administrator failed to provide all relevant Plan documents within thirty days of the first written request, which would have been by December 4, 2015.

58. The Plan Administrator did provide summary plan descriptions on or about April 5, 2016, but this was not a complete response and failed to provide the necessary and requested Plan documents.

59. The Plan Administrator has never provided the relevant ERISA Plan documents.

60. These Plan documents are vital to Plaintiff's ability to understand the amount of benefits owed under the policies and she has suffered great prejudice by the Plan administrator's breach of its duty to timely provide them.

61. Pursuant to 29 U.S.C. § 1132(c), Defendant Plan Administrator US Airways is liable to Plaintiff for penalties in an amount up to $110.00 from December 4, 2015, thirty days after the date of Plaintiff's first written request for the Plan documents.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendants;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to a finding that she is entitled to benefits under the Plan or under any other employee welfare benefit plan;

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action:**

7. A penalty from Defendant Plan Administrator US Airways, of an amount representing up to $110 per day from December 4, 2015, through such time the Plan Administrator provides these requested documents to Plaintiff as required under 29 C.F.R. § 2560.503-1(g)(1), and pursuant to 29 U.S.C. § 1132(c)(1);

8. An order from the Court that the Plan Administrator provide a copy of the official version of the Plan documents, including the Plan itself, as well as any summary plan description, insurance policy, or other documents under which the Plan was operated.

9. Plaintiff's reasonable attorney fees and costs;

10. Prejudgment and postjudgment interest; and

11. Such other relief as this court deems just and proper, including, but not limited to, limiting the documents that the Defendants may rely on to those documents provided to the Plaintiff prior to the filing of this suit.

Dated this 2d day of February 2017.

                        Respectfully submitted,

                        ERIC BUCHANAN & ASSOCIATES, PLLC
                        ATTORNEYS FOR PLAINTIFF

                    BY:    */s/ Hudson T. Ellis*
                             Hudson T. Ellis (TN Bar #28330)
                             414 McCallie Avenue
                             Chattanooga  TN  37402
                             (423) 634-2506
                             FAX:  (423) 634-2505

                        *Motion for Admission Pro Hac Vice to be filed*